IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOJACK DISTRIBUTORS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| J & S JACKS, LLC ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff MoJack Distributors, LLC ("MoJack"), for its complaint against defendant J & S Jacks, LLC ("J & S"), states as follows:

## The Parties

1. MoJack is a limited liability company organized and existing under the laws of the state of Kansas, with a principal place of business at 3535 North Rock Road, Suite 300, Wichita, Kansas 67226. All of the members of MoJack are residents of the State of Kansas.

2. J & S Jacks, LLC is a limited liability company organized and existing under the laws of the state of Wisconsin, with its principal place of business at 2001 E. Glendale Avenue, Appleton, Wisconsin 54911. According to the most recent filings with the Wisconsin Department of Financial Institutions, J & S Jacks, LLC may be served through its registered agent: Steve Roovers, 2001 E. Glendale Avenue, Appleton, Wisconsin 54911.

## Jurisdiction

3. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*., including §§ 271 and 281. This court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1331 and 1338.

4. On information and belief, J & S conducts business in this judicial district.

5. On information and belief, J & S offers products for sale in this judicial district.

6. On information and belief, J & S offers the Lift Product for sale in this judicial district.

7. On information and belief, J & S sells products in this judicial district.

8. On information and belief, J & S sells the Lift Product in this judicial district.

9. On information and belief, J & S imports products into this judicial district.

10. On information and belief, J & S imports the Lift Product into this judicial district.

11. J & S is subject to this court's general and specific personal jurisdiction due at least to J & S's residency and substantial business in this judicial district, its transacting of business in this state, committing tortious acts in this state, and entering into contracts with residents of this state, to be performed in whole or in part by either party in this state, and including acts related to the infringement allegations set forth herein.

12. J & S is also subject to this court's general jurisdiction as a result of regularly doing or soliciting business, engaging in persistent courses of conduct, and/or deriving

2

substantial revenue from goods sold and provided to persons or entities residing in this judicial district.

## Venue

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## Factual Background

14. MoJack manufactures and sells vehicle lifts ("MoJack Lifts") capable of elevating two wheels of a multi-wheeled vehicle thereby allowing maintenance to be performed on the vehicle.

15. The MoJack Lifts include features claimed in pending U.S. patent applications, as well as features claimed in the Patent-In-Suit ("MoJack Patents").

## The Patent-In-Suit

16. Plaintiff MoJack is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,251,349 (the "'349 patent"), titled "Apparatuses and Methods For An Improved Vehicle Jack," which was duly and legally issued by the United States Patent and Trademark Office in the name of Daniel Vernon Drake on August 28, 2012. A true and correct copy of the '349 patent is attached to this complaint as Exhibit A.

## J & S

17. J & S has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell products including the "Turf Buddy" lawn mower lift (the "Lift Product") through their Internet website located at http://www.jsjacks.com. An image of the "Turf Buddy" lawn mower lift is attached as Exhibit B.

18. J & S has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Lift Product, which infringes the '349 Patent.

3

19. On information and belief, within this judicial district, J & S has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell products including the Lift Product without MoJack's permission.

## Count I

### Infringement of U.S. Patent No. 8,251,349

20. MoJack realleges and incorporates by reference the allegations set forth in paragraphs 1 - 19 above.

21. J & S has been, and currently is, directly and indirectly infringing the '349 patent by making, selling, offering for sale, contributing to the use, sale, and infringement by others, and/or inducing others to use and sell the Lift Product.

22. J & S's infringement of the '349 patent will continue unless enjoined by this court.

23. As a direct and proximate consequence of J & S's infringement of the '349 patent, MoJack has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which MoJack is entitled to relief.

### Prayer for Relief

WHEREFORE, MoJack requests this court enter judgment against J & S, and grant MoJack the following relief:

A. Enter judgment that J & S has infringed the '349 patent;

B. Enter judgment that J & S has induced infringement of the '349 patent;

C. Enter judgment that J & S has contributed to infringement of the '349 Patent;

D. Enter a permanent injunction restraining and enjoining J & S, and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with J & S who receive actual notice of the order by personal service or otherwise, from any further

making, offering for sale, or selling the Lift Product that infringes the '349 patent, whether direct or indirect;

  E. An award of a reasonable royalty under 35 U.S.C. § 154 adequate to compensate MoJack for J & S's infringement of MoJack's provisional rights in the '349 patent;

  F. An award of damages under 35 U.S.C. § 284 adequate to compensate MoJack for J & S's infringement of the '349 patent, in an amount not less than a reasonable royalty, together with interest and costs;

  G. An award to MoJack of treble damages pursuant to 35 U.S.C. § 284;

  H. A finding that this case is exceptional under 35 U.S.C. § 285;

  I. An award to MoJack of its reasonable attorney fees under 35 U.S.C. § 285; and

  J. Such other further relief as this court or a jury may deem just, proper, and equitable.

### Demand for Jury Trial

MoJack respectfully demands a trial by jury on all claims and issues so triable.

**von BRIESEN & ROPER, s.c.**

By: s/ Mark F. Foley_____
    Mark F. Foley (WI Bar No. 1005627)
    *Counsel for MoJack Distributors, LLC;*

Mark F. Foley, Esq.
von Briesen & Roper s.c.
411 E. Wisconsin Ave. Ste. 1000
Milwaukee, WI 53202
Tel.: (414) 287-1404
Fax: (414) 238-6520
mfoley@vonbriesen.com

*Of Counsel*:

J. Nick Badgerow
Barry L. Pickens
SPENCER FANE BRITT & BROWNE LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66207
Tel: (913) 345-8100
Fax: (913) 345-0736
nbadgerow@spencerfane.com
bpickens@spencerfane.com


Kyle L. Elliott
Kevin S. Tuttle
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Tel: (816) 474-8100
Fax: (816) 474-3216
kelliott@spencerfane.com
ktuttle@spencerfane.com

23772866_3.DOCX